**BAXTER v. PACE, Secretary of the Army.**

No. 10817.

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1951.

Decided Oct. 25, 1951.

Joseph A. Baxter, pro se.

Joseph Kovner, Atty., Department of Justice, Washington, D. C., with whom Newell A. Clapp, Acting Asst. Atty. Gen., George Morris Fay, U. S. Atty., and Edward H. Hickey and Marvin C. Taylor, Attys., Department of Justice, Washington, D. C., were on the brief, for appellee. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

This action was brought to obtain a declaratory judgment that appellant's rights as a veteran with permanent status in the classified civil service had been violated, as well as a decree reinstating him in his former position. On the merits, appellant's principal contentions appear to have been answered adversely to him, in recent authoritive decisions. See Elder v. Brannan, 341 U.S. 277, 289, 71 S.Ct. 685, 95 L.Ed. 939 (with respect to sufficiency of complaint in suit based on hiring of others lacking preferential status); Ashley v. Ross, 89 U.S. App.D.C. ——, 191 F.2d 655 (decided August 2, 1951; with respect to validity of notice of separation); and see Love v. United States, Ct.Cl., 98 F.Supp. 770; Hearings, Senate Committee on Civil Service, 78th Cong., 2d Sess., on S. 1762 and H. R. 4115, p. 29.

We prefer, however, to rest our decision on another ground, based on the history of the litigation. On August 18, 1945, appellant Baxter was separated from the Manhattan Engineer District of the War Department, under a reduction in force. On April 29, 1946, he brought suit for reinstatement, back pay and damages in the United States District Court for the District of Columbia against the Civil Service Commission and Robert P. Patterson, the then Secretary of War. By an amended complaint filed July 11, 1947, Baxter added the members of the Atomic Energy Commission as defendants, alleging that the Commission was the successor of the Manhattan Engineer District and subject to the duties and obligations imposed upon the latter.[1] The amended complaint incorporated the terms of the original complaint and, in addition to the relief previously sought, prayed for a judgment that appellant was entitled to be restored to a position with the Atomic Energy Commission. Baxter claimed that veteran's preference was wrongfully denied, that his discharge was not in accord with the pertinent statutes and regulations, and that he was the victim of a conspiracy. On March 16, 1948, defendants moved for summary judgment. After consideration, this motion was granted by Judge Schweinhaut, who filed a short opinion concluding: " * * whatever the personal motives of certain officials may have been, plaintiff has been accorded all the rights to which he is entitled by pertinent statutes and regulations and I am unable to discern any relief which may be afforded by this Court." Judgment was entered for the defendants on January 31, 1949.[2] More than a year earlier, the defendant Patterson had resigned as Secretary of War, and Baxter had failed to substitute his successor in office as a party defendant. On April 29, 1949, the defendants moved under the provisions of Fed. Rules Civ.Proc. Rule 60(b), 28 U.S.C.A. for an order modifying the judgment by vacating it as to defendant Robert P. Patterson, as Secretary of War, "and dismissing the complaint as to said defendant Robert P. Patterson, as Secretary of War, as abated." Baxter consented to this motion, and an appropriate order was entered on that date. On the same day, Baxter's then pending appeal to this court was dismissed by stipulation signed by him.

On June 27, 1949, Baxter began the present action against Gordon Gray, "as successor to the office formerly known as the Secretary of War, and as Secretary of the Army", and has continued it as against

---

1. By Executive Order No. 9816, Dec. 31, 1946, 12 F.R. 37, note to 42 U.S.C.A. § 1802, the property and civilian personnel of the Manhattan Engineer District of the War Department were transferred to the Atomic Energy Commission, pursuant to the Atomic Energy Act of 1946, 60 Stat. 755; 42 U.S.C.A. § 1801, et seq.

The Veterans Preference Act of 1944 provides, in section 12: " * * * when any or all of the functions of any agency are transferred to, or when any agency is replaced by, some other agency, or agencies, all preference employees in the function or functions transferred or in the agency which is replaced by some other agency shall first be transferred to the replacing agency, or agencies, for employment in positions for which they are qualified, before such agency, or agencies, shall appoint additional employees from any other source for such positions." 5 U.S.C.A. § 861.

2. Civil Action No. 34556, United States District Court, District of Columbia.

Frank Pace, Jr., the present incumbent, by substitution.[3] The complaint alleges the same basic facts as did the original and amended complaints in the former action. As relief, instead of requesting reinstatement in the Manhattan District or its successor agency (the Atomic Energy Commission), appellant seeks reinstatement in an equivalent position in the Department of the Army. Motions for summary judgment were filed by both parties, and appellee also moved for dismissal of the complaint. Appellee's motions were granted by the District Court, and this appeal followed.

■ We think this recital shows that the present action cannot be maintained. Appellant contends that the earlier judgment is a "nullity" because of the absence of the Secretary of War, who he claims was an indispensable party. But appellant, by his failure to move for a substitution, is himself responsible for the Secretary's absence. It thus appears that, under appellant's own theory as to the "nullity" of the prior proceedings, he did not press his claims effectively against the Secretary of War (Army) until nearly four years after his dismissal. Such a delay in this type of case constitutes laches, and bars the action.[4]

■ If, on the other hand, the prior judgment is not a nullity,[5] appellant is in no better position. If the outcome of the first suit had been favorable to Baxter, resulting in a judgment against any one or more of the three original defendants, he would have had the benefit of at least part of the relief he sought. When he lost on the merits, against all defendants, he could have challenged the judgment by perfecting an appeal. Or if he believed that the final judgment was ineffective in the absence of the Secretary of War, he could have tested the point by moving to vacate the judgment

---

3. By section 205(a) of the act of July 26, 1947, 61 Stat. 501, 5 U.S.C.A. § 181–1, the War Department was designated as the Department of the Army, and the title of the Secretary was changed to Secretary of the Army.

4. Arant v. Lane, 249 U.S. 367, 372, 39 S.Ct. 293, 63 L.Ed. 650; Grasse v. Snyder, 89 U.S.App.D.C. ——, 192 F.2d 35 (decided September 27, 1951).

5. That judgment in fact appears to be valid and subsisting, and not subject to collateral attack. Since partial if not complete relief could have been obtained in the event judgment was entered against the other defendants and without any act being done by the Secretary of War, that official would not seem to have been an indispensable party to the earlier suit. Cf. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. But even if the parties were defective, there is considerable doubt as to whether appellant can raise the objection in a separate action. While it is true that lack of an indispensable party is a substantial defect (Flynn v. Brooks, 70 App.D.C. 243, 105 F.2d 766) and may even go to the jurisdiction of the court (Snyder v. Buck, 340 U.S. 15, 22, 71 S.Ct. 93, 95 L.Ed. 15), "the principles of *res judicata* apply to questions of jurisdiction as well as to other matters—whether it be jurisdiction of the subject matter or of the parties." Sunshine Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 917, 84 L.Ed. 1263. Under the rule laid down in the Adkins case as to when a judgment in favor of one governmental agency is *res judicata* in favor of another, appellant may well be precluded (though we need not decide the point) from raising the joinder issue by way of collateral attack on the first judgment. See Miller v. Muir, 115 Ind.App. 335, 56 N.E.2d 496, 504; Brady v. Kirby, 224 Mo.App. 184, 22 S.W.2d 52, 55–56; State Mortgage Corp. v. Garden, Tex.Civ.App., 11 S.W. 2d 212, 213; Sample v. Ward, 156 Fla. 210, 23 So.2d 81, 84. If the first judgment cannot be shown to be void, the Adkins rule may likewise foreclose appellant on the merits. The finding of the court in the first suit, quoted above, dealt with the issues which are decisive in cases of this sort. See Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S. Ct. 47, 94 L.Ed. 507; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186, certiorari denied 308 U.S. 622, 60 S.Ct. 377, 84 L. Ed. 519. Any judgment against the Secretary of the Army in the present case must necessarily be inconsistent with the prior judgments in favor of the Atomic Energy Commission (as successor agency to the War Department) and the Civil Service Commission (the agency having the duty of setting forth and integrating the regulations governing discharge). It would be strange indeed if such contradictory judgments, involving agencies of the same government, could be allowed to coexist.

as against all defendants. He failed to pursue either course, but instead now seeks to raise his former contentions in a new action. From this viewpoint, too, we consider the litigation barred by laches.

The judgment of the District Court will accordingly be affirmed.