**ANGILLY v. UNITED STATES et al.**

United States District Court
S. D. New York.
Feb. 27, 1952.

Matthew E. McCarthy, New York City, for plaintiff.

Myles J. Lane, New York City, for defendants.

EDELSTEIN, District Judge.

This case arises out of the dismissal of the plaintiff from his position as customs inspector in the employ of the United States, on charges that he had illegally withheld a number of entry documents and related funds. Plaintiff brings this action praying (1) a money judgment against the United States for consequent loss of earnings (as opposed to back pay), (2) a mandatory injunction directing the defendant Durning, Collector of the Port of New York to expunge all charges on file in his office concerning the dismissal and to inform the Civil Service Commission of such action, (3) a declaratory judgment declaring the act of the defendant Durning "in making criminal charges against the plaintiff and in finding plaintiff guilty of such charges is illegal and void", and (4) an order directing the defendant Durning to reinstate the plaintiff to his position. The defendants move for summary judgment or, in the alternative, a dismissal of the complaint.

At the outset it must be noted that appointments to the customs service are made by the Secretary of the Treasury pursuant to the Civil Service laws and regulations, upon the nomination of the principal officer in charge of the office to which such appointments are made, 19 U.S.C. § 6, 19 U.S.C.A. § 6; and plaintiff was dismissed pursuant to an order of the Secretary of the Treasury. See 5 C.F.R. (1949 ed.) Sec. 9.101(b). The defendant Durning does not possess the power to effect plaintiff's reinstatement, and the Secretary of the Treasury, who does possess that power, is not a party to this action. The relief of reinstatement, therefore, could not in any event be granted in this action because of the absence of an indispensable party. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95.

The gravamen of the complaint is that the dismissal proceedings were in effect a criminal prosecution, in violation of the Fifth and Sixth Amendments, inasmuch as the charges administratively made, heard

and determined described criminal offenses.[1] The contention of the plaintiff is that by virtue of his dismissal for the stated cause he has been "held to answer" for a crime within the purview of the Fifth Amendment and that he has been subjected to criminal prosecution and punishment within the purview of the Sixth Amendment. The plaintiff has not been "punished" by permanent proscription from government employment. See U. S. v. Lovett, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252. Unquestionably he has suffered detriment to his good name and his ability to earn a livelihood, and such detriment may be similar to that which might follow a criminal conviction. But in being dismissed from his government employment he was not deprived of a property or other constitutional right. And " * * * if no constitutional right of the individual is being impinged and officials are acting within the scope of official authority, the fact that the individual concerned is injured in the process neither invalidates the official act nor gives the individual a right to redress." Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, 63, affirmed 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352. The fact that cause for dismissal embraces conduct which is also criminal does not render a dismissal proceeding a criminal action.[2] The action taken against the plaintiff was the action of an employer and not the action of the sovereign power enforcing the criminal law. The government, as an employer, may dismiss an employee for such cause as will promote the efficiency of the service, 5 U.S. C. § 652(a), 5 U.S.C.A. § 652(a), 5 C.F.R. (1949 ed.) Sec. 9.102(a); and what constitutes cause for dismissal is, in the absence of discrimination, solely a matter for executive determination not subject to judicial review. Carter v. Forrestal, 85 U.S.App.

D.C. 53, 175 F.2d 364. A holding that the commission of criminal acts cannot be a cause for discharge from office, by executive action under the appropriate statute and regulations, would be a stultification of the administrative process unwarranted by the Constitution.

■ The affidavits submitted indicate that the plaintiff's dismissal was effected within the scope of official authority, and he alleges the denial of no right to which he is entitled by the Constitution, statute or regulations. The denial of a formal hearing on notice, with the opportunity to be represented by counsel and to present witnesses is literally within the terms of the statute and regulations, supra, and is not in contravention of the Fifth Amendment, Bailey v. Richardson, supra. The fact that plaintiff was interviewed orally, before the submission of the written charges required to inaugurate removal proceedings, not only did not prejudice him but on the contrary afforded him an extra measure of due process, in that he was given an opportunity to forestall the dismissal procedure. Other allegations of violations of the plaintiff's rights merely constitute criticism of the discretion and judgment exercised by the executive officer. It is settled that if the procedure followed in the removal of a Civil Service employee satisfies the applicable statute and regulations, then the courts will not interfere and substitute their judgment for that of the executive officer in determining the propriety of the removal. Bailey v. Richardson, supra, 182 F.2d 46 and cases cited in notes page 69; Carter v. Forrestal, supra; Levy v. Woods, 84 U.S.App.D.C. 138, 171 F.2d 145.

The complaint fails to state a cause of action and accordingly the motion to dismiss will be granted.

1. Jurisdiction is claimed under 28 U.S.C. § 1346(a) (2), and under the Federal Tort Claims Act, Aug. 2, 1946, c. 753, Title IV, 60 Stat. 812, 28 U.S.C. §§ 1346, 2671 et seq.

2. See 18 U.S.C. § 1913, which makes lobbying, by an officer or employee of the United States, with money appropriated by Congress, a crime punishable by fine and imprisonment, and also a basis for dismissal, after a notice and hearing by the superior officer vested with the power of removal. See also Section 201 of former Title 18.