**HENRY v. NEWMAN.**

**Civ. A. No. 13179.**

United States District Court
E. D. Pennsylvania.
March 16, 1953.

Leslie P. Hill, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff, Richard B. Henry, has filed a complaint against E. A. Newman, Personnel Officer of the Philadelphia Regional Office of the Veterans Administration, seeking cancellation of an order of separation from the Government service as an employee of the Veterans Administration. Defendant has filed a motion to dismiss the complaint.

On the basis of the complaint the following facts appear:

The plaintiff had been employed under a probational or trial period appointment by the Veterans Administration in the Supply and Messenger Group of the Administration Section, Medical Division of Regional Office No. 3010, Philadelphia, Pennsylvania, and "On 1/11/52, the Veterans Administration of the United States, by or through the Defendant, informed the Plaintiff, in writing, on Standard United States Civil Service Commission Form No. 50, that his appointment with the Veterans Administration was effectively terminated as of 1/11/52", and "In the aforementioned official letter, Plaintiff's dismissal was listed as being occasioned by 'unsatisfactory conduct, insubordination, and tardiness.'"

He further alleges that he "at all times during his employment performed his duties in such a fashion as to make his retention in the government service desirable and in the best interests of the Agency", and that "he was not given a full and fair trial in the performance of his duties * * *."

Defendant has filed a motion to dismiss.

■ The Civil Service laws and regulations, 5 C.F.R.1949 Ed. § 2.113 [1] provide for probational appointment in which the first year of service shall be a probationary period. The regulations, 5 C.F.R.1949 Ed. § 9.103 [2] further provide as to a person so appointed that if the performance of his duties or his conduct is not satisfactory to the agency his services shall be terminated by notifying him in writing of the reasons for his separation and of its effective date. The Veterans Administration as the employing agency authorized to separate plaintiff from his employment, 5 C.F.R.1949 Ed. § 9.101, complied with the foregoing regulations. The regulations further provide for the administrative review of such action. The defendant, as an employee of the agency, was merely a conduit by and through whom the agency acted in the delivery of the letter to the plaintiff. There is an Administrator of Veterans' Affairs who is the head of the Veterans Administration with the final decision for that agency, 38 U.S.C.A. § 11a. He is an indispensable party without whom relief could not in any event be granted in this action.[3]

■ Plaintiff as a jurisdictional basis contends that he has been deprived of rights guaranteed by the Fifth Amendment to the Constitution of the United States. However, employment by the Government and certainly, as in the instant case, probational appointment is not property and is not a contract within the protection of the

1. "§ 2.113. *Probational appointment.* (a) A person selected for other than temporary appointment shall be given a probational appointment. The first year of service under this appointment shall be a probationary period. The agency shall utilize the probationary period as fully as possible to determine the fitness of each employee and shall terminate his services during such period if he fails to demonstrate fully his qualifications for continued Federal employment."

2. "§ 9.103 *Procedure in separating employee serving a probationary or trial period.* (a) Any person serving a probationary or trial period shall be given a full and fair trial in the performance of the duties of the position to which appointed. If the performance of his duties or his conduct is not satisfactory to the agency his services shall be terminated by notifying him in writing of the reasons for his separation and of its effective date. * * *"

3. Angilly v. United States, D.C.S.D.N.Y., 105 F.Supp. 257; see also Baxter v. Pace, 89 U.S.App.D.C. 392, 193 F.2d 20.

due process clause of the Fifth Amendment.[4]

On the factual situation disclosed by the complaint, it fails to state a cause of action over which this Court would have jurisdiction, and the motion to dismiss will accordingly be granted.

4. Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, 57, affirmed 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352; Angilly v. United States, supra.