**G. S. LEONARD, Appellant,**

v.

**John W. DOUGLAS, Assistant Attorney General, and Robert F. Kennedy, Attorney General, Appellees.**

**No. 17529.**

United States Court of Appeals District of Columbia Circuit.

Argued June 5, 1963.

Decided June 26, 1963.

Petition for Rehearing En Banc Denied Sept. 25, 1963.

Mr. Arthur M. Becker, Washington, D. C., with whom Mr. George S. Leonard, Washington, D. C., was on the brief, for appellant.

Mr. Howard E. Shapiro, Attorney, Department of Justice, with whom Asst. Atty. Gen. Douglas, Messrs. David C. Acheson, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellees.

Before FAHY, WASHINGTON and MC-GOWAN, Circuit Judges.

FAHY, Circuit Judge.

Appellant sued the Attorney General, Assistant Attorney General Orrick, now resigned,[1] and the Chairman and Members of the Civil Service Commission, appellees, for declaratory and injunctive relief to retrieve the position in the De-

partment of Justice from which he had been discharged. The District Court dismissed his complaint on appellees' motion for summary judgment. He appeals, but we affirm the judgment.

Appellant is an attorney whose professional competence is not questioned. After service in the Navy during World War II, thus acquiring a preference eligibility for Government service within the meaning of the Veterans' Preference Act, he obtained employment in September 1953 as an attorney in the Department of Justice, Civil Division. His position was that of First Assistant, graded as GS–16, later raised to GS–17. Before he took this position the Civil Service Commission under the authority of an Executive Order of President Eisenhower, No. 10440, dated March 31, 1953, had placed the position in Schedule C as an excepted position of a confidential or policy-determining character. The Commission published a list of such Schedule C positions, including that to which appellant thereafter was appointed. See 18 F.R. 2493 of April 29, 1953. An "excepted" position is not in the classified or competitive civil service, and is sometimes referred to as "outside the competitive civil service."

Appellant remained in the position of First Assistant to the Assistant Attorney General, Civil Division, from September 1, 1953, until the events which culminated in the removal he is now contesting. Those events began some years later, in 1961, after William H. Orrick, on appointment of President Kennedy, had become Assistant Attorney General of the United States in charge of the Civil Division. About May or June of 1961, Mr. Orrick advised appellant that prior to September 1 of that year, when proposed changes in the organization of the Civil Division were to become effective, he would select another attorney to replace appellant as his First Assistant. Efforts to obtain appellant's consent to accept another position failed. On Sep-

1. Assistant Attorney General Douglas has actually replaced Mr. Orrick since the latter resigned to become a Deputy Undersecretary of State.

tember 18, 1961, Mr. Orrick wrote appellant in part as follows:

"It is inherent in the character of a policy-determining position that the incumbent thereof shall be an individual suitable to his superiors and a person whom they consider best able to determine the policies of their department or agency."

The letter continued to the effect that this relationship did not exist between appellant and Mr. Orrick in the latter's capacity as Assistant Attorney General of the United States in charge of the Civil Division, and for that reason he proposed to effect termination of appellant's employment on or about October 20, 1961. He added that an Assistant Attorney General in charge of the Civil Division was entitled to have the services of an assistant who meets the prerequisites for serving him, as appellant's services had been obtained by Mr. Orrick's predecessor, and this was substantially prevented by appellant's continued occupancy of the position. Appellant was assured that full consideration would be given to any reply and support therefor which would be submitted.

Appellant answered that his position was not open to political appointment, asserting further that it was an excepted career position in the unclassified civil service, so that removal could be only upon a showing of such cause as would promote the efficiency of the service. He further answered that even if a charge of "unsuitability" were inferred it would not be valid cause as a subjective opinion, not resting upon lack of professional qualifications or failure in the performance of duty. He denied that such inferred charge of unsuitability was in fact true.

Under procedures which had been established by Attorney General Kennedy's predecessor, Attorney General Rogers, it appeared that only the Attorney General could effect appellant's removal. Appellant requested a reasonable opportunity to discuss his side of the case with the Attorney General. On October 23, 1961, the Attorney General permitted appellant personally to present his objections to him. Thereafter, October 26, 1961, the Attorney General informed appellant by letter that he had given careful consideration to his written answer with its supporting material, to Mr. Orrick's letter of September 18, and to appellant's oral presentation to the Attorney General on October 23, and had decided that for the reasons stated in Mr. Orrick's letter appellant's separation "will promote the efficiency of the service." He advised appellant that he would be removed from his position at the close of business October 27. This was accomplished by a Notification of Personnel Action of that date.

Appellant appealed to the Appeals Examining Office of the Civil Service Commission. Having waived his right to a hearing his case was submitted on affidavits and briefs. This Office sustained the removal as having been accomplished in compliance with the Veterans' Preference Act and the Commission's regulations. On appeal to its Board of Appeals and Review the Commission May 11, 1962, affirmed. In the meantime suit had been filed in the District Court, proceedings in which were stayed pending Civil Service Commission action, and renewed thereafter.

The question is whether "such cause as will promote the efficiency of the service," the controlling language of Section 14 of the Veterans' Preference Act, precludes discharge for the cause here given, that is, the need of the Assistant Attorney General of the United States, in which the Attorney General concurred, to have as his First Assistant someone he deemed suitable in the special relationship which existed, with its policy-making responsibilities. The relationship of the Assistant Attorney General to the Attorney General is part of the problem. The latter is not only the chief law officer of the Government of the United States for law enforcement purposes; he is a member of the Cabinet and must be available to advise the President as counsellor on matters involving policy as well as law.

The present times bear witness that methods of law enforcement may appropriately be influenced by a choice available among several possible courses of action, all of which may be deemed to be within the law. Legal competence, which it is not denied appellant possessed, is not the only qualification for one holding high legal office with policy-making responsibility. Cause for a removal which would promote the efficiency of the service must be gauged by the nature of the particular service involved as well as by the competence of the employee. The First Assistant may at any time become Acting Assistant Attorney General of the United States, thus standing directly beside the Attorney General in many matters of policy affecting the intricate and widespread operations of the Department and of the Government. Not only this, but in his own responsibility also the Assistant Attorney General needs as his First Assistant someone in whom he can confide, and to whom he can turn with trust in his judgment as well as in his legal ability. It is no reflection upon appellant to hold that the record in this case shows that this important relationship did not exist between him and Mr. Orrick, and that his replacement for this cause would promote the efficiency of the service. As was pointed out by the Civil Service Commission in its opinion cause justifying loss of a position by one having a veterans preference is not confined to cause growing out of "inadequate conduct or performance," as appellant contended.[2]

We may well recognize that ordinarily in the absence of such circumstances as the Commission refers to, inadequate conduct or performance is the cause contemplated by the Act. But this is not to say that Congress intended to preclude the construction of the Act placed upon it in this case by the Commission, the agency charged with special responsibility in its administration. The purposes of the Act do not seem to us to be threatened by construing it to permit the Attorney General to remove one, though he be a competent attorney and a preference eligible, as a First Assistant because he does not meet the qualifications incident to the confidential and policy-making characteristics of the position.

Congress did not attempt a definition of "cause," providing only that it must be one that would promote the efficiency of the service. Some latitude was thus left to those responsible for administering the Act. Faithfulness to its purpose to reward those who served in the armed forces by granting a protective preference must be maintained. But the preference granted does not protect a veteran in a position when removal therefrom, viewed in the light of competing policies and all the circumstances, can reasonably be said to lead to increased efficiency in highly placed governmental operations.

Considering the nature of the position here involved, with the cause found for terminating appellant's occupancy of it, we are unable to read into the Act a barrier to the action taken. The congres-

---

2. "On this point the Board [of Appeals and Review of the Commission] notes that the personnel actions subject to Section 14 of the Veterans' Preference Act * * * are discharge, suspension for more than thirty days, furlough without pay, and reduction in rank or compensation and that Section 14 does not distinguish among these different personnel actions insofar as proper cause for taking them is concerned. * * * [A]nd it would be patently absurd to hold, for example, that Congress intended furloughs without pay be effected only upon a showing of inadequate conduct or performance. * * *

Neither does the term, 'charges,' in Section 22.203 of the Commission's regulations denote that the charges referred to must necessarily be charges of inadequate conduct or performance as distinguished from any other charges, for example, of legal disqualification, which can support a finding that an adverse personnel action will promote the efficiency of the service."

From the letter of the Chairman, Board of Appeals and Review, dated May 11, 1962, affirming the decision of the Appeals Examining Office.

sional language does not so require. It easily bears the construction placed upon it by the Attorney General, the Commission, and the District Court, and we think that construction, which is clearly consistent with the language of the Act, cannot be said in the context of this case to be inconsistent with the congressional intent in choosing that language.

Affirmed.