Walter M. **TAFFEL**, Plaintiff-Appellant,

v.

Robert **HAMPTON** et al., Defendants-Appellees.

No. 72-1328

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 21, 1972.

Gardner W. Beckett, Jr., Nelson, Beckett, Nelson & Thomas, St. Petersburg, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Hugh N. Smith, Asst. U. S. Atty., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for defendants-appellees.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This case comes to us on appeal from a district court decision which reviewed and affirmed the discharge of appellant from his Civil Service position as a Post Office Department employee. We affirm.

Appellant Taffel was arrested and booked for shoplifting on April 6, 1968.[1] On April 10 and 15, the postmaster notified Taffel of proposed adverse action arising out of the alleged shoplifting incident and gave him an opportunity to reply to the charge. On April 26, 1968, Taffel was discharged. He exhausted his administrative appeals and then sued in federal district court for reinstatement and back pay. That court upheld the decision of the Civil Service Commission and Taffel appeals.

Taffel argues that his dismissal should be reversed because (1) it was arbitrary and capricious, and (2) the charge was so vague as to deny him a fair opportunity to respond to it. We see no merit in either argument.

The Civil Service Commission complied with all statutorily required procedures, and Taffel was afforded every opportunity to reply.

The evidence was sufficient to support the Commission's determination that Taffel should be discharged to "promote the efficiency of the service."

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Taffel was never convicted of the state shoplifting charge. The criminal charge of petit larceny was first dismissed by a municipal judge for lack of jurisdiction (municipal court jurisdiction at the time did not extend to criminal cases involving more than $100.00 and the wholesale price of the saw was $100.97). Subsequently, Taffel was charged with grand larceny (theft of goods of more than $100.00 in value), but for reasons not clear from the record this charge was then reduced to petit larceny and was thereupon dismissed on the ground of double jeopardy.

As to the argument that the charge was so vague as to deny him a fair opportunity to respond to it, we find that it was clearly sufficient to apprise him of the facts and reasons for the action being taken against him. There is no indication in the record that he was in any way confused about the situation with which he was being confronted.

Affirmed.