470 F.2d 146
 80 L.R.R.M. (BNA) 3011, 25 A.L.R.Fed. 439
 Edwin W. EMBREY, Appellant,
v.
Robert E. HAMPTON, Chairman, United States Civil Service
Commission and Winton M. Blount, Postmaster
General, United States Post Office, Appellees.
 No. 71-2073.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 8, 1972.
Decided July 3, 1972.
Rehearing Denied July 31, 1972.
 
 A. Andrew Giangreco, Alexandria, Va. (Giangreco, Seay & Manuel, Alexandria, Va., on brief), for appellant.
 Stanton R. Koppel, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, and Brian P. Gettings, U. S. Atty., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and RUSSELL and FIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from the decision of the District Court that Embrey's discharge from his position with the Post Office Department was lawful and not arbitrary, capricious nor an abuse of discretion.
 
 
 2
 Embrey, who had an exemplary record in his four years with the Navy and 21 years with the Post Office, was discharged because of a conviction for fraud. In an application for an F.H.A. loan at a time when his wife had been quite ill, Embrey had wrongfully claimed he had no other debts outstanding. Although he was found guilty of fraud, the District Court did not impose sentence, placing Embrey on probation for three years and noting that he was endeavoring to repay his debts in spite of a pending application for discharge in bankruptcy.
 
 
 3
 Embrey's position as Civil Service Examiner is one that requires trust but one in which he would be unlikely to handle money. Additionally, the record indicates that Embrey was not trying to obtain funds under false pretenses with the intention of not making repayment, the usual conception of fraud. It is therefore understandable that his direct supervisor refused to recommend discharge.
 
 
 4
 In view of the limited scope of judicial review of administrative decisions, we cannot say that the District Court erroneously concluded that Embrey's discharge was lawful. After the decision of the Regional Director of the Post Office that he should be discharged, Embrey was afforded a full administrative hearing de novo followed by a second evidentiary hearing before the Civil Service Commission Appeals Examining Office and then by an appeal to the Civil Service Board of Appeals and Review. These hearings satisfied all requirements of procedural due process.
 
 
 5
 Relying on the contract between his labor union and the Post Office Department which proscribes references to charges more than two years old, Embrey claims that he was discharged for acts committed beyond that period. The discharge, however, was properly based on the conviction, not the underlying acts, and the conviction came well within the two year period. The Department correctly waited until after the conviction before bringing charges. Otherwise, Embrey might have claimed that the Department was violating the presumption that one is innocent until proved guilty.
 
 
 6
 Since the agency complied with all procedural requirements and its action had a reasonable basis, this court must accept the administrative decision that Embrey's discharge "will promote the efficiency of the service," the only basis for discharge provided by statute. 5 U.S.C. Sec. 7512. The regulations include criminal conduct among the reasons for discharge. 5 C.F.R. Secs. 752.104, 731.201(b).
 
 
 7
 In a case involving this same statute the District of Columbia Circuit upheld the discharge by the Air Force of a civilian engineer who had deliberately falsified answers on federal employment forms relating to his past involvement with Communist organizations. Rodriquez v. Seamans, D.C.Cir., 463 F.2d 837. Judge Tamm wrote: "[Rodriquez] was dismissed for falsification of records-an act which goes to [his] reliability, veracity, trustworthiness, ethical conduct, and certainly affects the efficiency of the service."
 
 
 8
 Embrey's conviction for fraud similarly provided the Post Office Department with a reasonable basis to decide that his discharge would promote the efficiency of the service. Although our view of the record leads us to question whether we would arrive at the same conclusion under the circumstances and in view of the alternatives of suspension and demotion, we cannot say that Embrey was not afforded substantive or procedural due process. We emphasize that the courts not the Post Office Department are charged with the punishment of criminal offenses. While we urge the Department to leave punishment to the judiciary, we must remember to leave determination about the efficiency of the Department to that agency.
 
 
 9
 Accordingly, although we are inclined to think the mitigating circumstances made demotion or suspension a more appropriate sanction, we find no basis for judicial relief. If there is to be any moderation of the final discharge, it must be through administrative procedures.
 
 
 10
 Affirmed.