Charles H. YOUNG, Plaintiff,

v.

Robert E. HAMPTON et al., Defendants.

No. RI–CIV–76–19.

United States District Court,
S. D. Illinois, N. D.

Oct. 21, 1976.

Jack L. Brooks, and Richard W. McCarthy, Rock Island, Ill., for plaintiff.

Robert J. Kauffman, Asst. U. S. Atty., Peoria, Ill., for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This complaint is an action in the nature of mandamus, stating a jurisdictional base under 28 U.S.C. § 1361, to compel the defendants, Commissioners of the Civil Service Commission, to reinstate him, with back

**1360**

pay, as an employee at the Army Arsenal at Rock Island, Illinois. The cause is before the court upon the defendants' motion to dismiss for want of subject matter jurisdiction and upon cross motions of both parties for summary judgment.

Pertinent to the jurisdictional question, suffice it to state that plaintiff's employment was terminated effective January 9, 1976, to promote the "efficiency of the service," following his plea of guilty to State felony counts alleging his unlawful possession of controlled substances [1] and his unlawful possession of cannabis. His dismissal was affirmed by the Commission on April 2, 1976. The instant complaint was filed on April 26, 1976.

Defendants' motion to dismiss is predicated upon their position that a determination of employee status to promote the efficiency of the service, within the intendment of the applicable statute and regulations, is a discretionary matter, and that mandamus is not an available remedy to review a discretionary action by an administrative agency.

Though that argument be both sound in logic and substantially supported by precedential statements, in the present context it is seen to assert an overly simplistic response to a complex question.

■ Discussion must perforce proceed from the general rule, as stated in *Cartier v. Secretary of State,* 165 U.S.App.D.C. 130, 506 F.2d 191 at 199 (1974), that mandamus is an extraordinary remedy which should be employed in only the most compelling cases for the review of administrative acts, and that the remedy should be denied in any case if any alternative remedy does exist. In the context of the issue before this court, it has been stated that the issue whether an employee's termination will promote the efficiency of the service presents an inquiry which invokes the discretion of the administrative agency involved. *E. g., Schlegel v. United States,* 416 F.2d 1372, 1378, 189 Ct.Cl. 30 (1969), *cert. denied,* 397 U.S. 1039, 90 S.Ct. 1359, 25 L.Ed.2d 650; *Wathen v. United States,* 527 F.2d 1191, 1197 (Ct.Cl.

1975); *Rifkin v. United States,* Ct.Cl., April 14, 1976, slip opinion at 16. Yet these same opinions do qualify that stated premise, to the extent that each recognizes that a court does have the power to review such exercise of discretion if the same is not taken in good faith. *Ibid.*

■ Though the power of review is rigidly circumscribed, *Pauley v. United States,* 419 F.2d 1061 at 1065 (7th Cir. 1969), this seems to be an area in which the tail must wag the dog. Jurisdiction is deemed to exist by virtue of the qualification stated in the above cases to permit a judicial determination as to the good faith of the act of which complaint is made. The semantic term "mandamus" cannot relieve the court of its duty to exercise its power of review. The motion to dismiss must therefore be denied.

The merits of the controversy rest upon the following agreed facts. At all material times, plaintiff was employed as a small arms inspector at the Arsenal. On January 23, 1975, he was arrested by the police of the City of Rock Island, Illinois, and charged with three counts of possession of a controlled substance, three counts of possession with intent to deliver the same, and one count of possession of cannabis. He was then off duty. The arrest was made at a private residence within the city. Thereafter, he remained free on bond until June 30, 1975.

On the latter date, he appeared in the Circuit Court at Rock Island and entered his pleas of guilty to two counts of possession of a controlled substance and the count alleging possession of cannabis. He was sentenced to serve ninety days' confinement and placed on probation for five years. The conviction involved felony offenses.

When he was released from confinement, plaintiff returned to his employment in September, 1975. Subsequently, his employment was deemed to create a moral problem in that certain of his fellow employees refused to execute a requisite ethical conduct commitment form which out-

---

1. The drugs were reported to be amphetamines, MDA and barbiturates.

lines minimum standards of employee conduct. Their refusal rested upon their stated belief that the minimum standard had not been applied to plaintiff following his felony conviction.

On September 25, the Chief of the Employee Relations Division at the Arsenal requested from the state further documentation related to the charges of which plaintiff had been convicted. On October 3, such information was supplied by the State's Attorney of Rock Island County. Thereafter, on November 4, plaintiff's supervisor submitted a formal request for plaintiff's removal from federal service. On November 20, the supervisor issued to plaintiff a written notice of proposed termination for his off-duty misconduct, which cited his arrest and conviction of the felony charges.

In his verbal response to that notice, plaintiff, of necessity, admitted the circumstances of his conviction. He then asserted that the penalty of termination was too severe, that his possession and use of drugs was not unusual, because other persons do possess and use drugs, and that his off-duty offense did not adversely affect the Arsenal.

On January 5, 1976, plaintiff was notified by the Chief of Personnel at the Arsenal that his employment would be terminated effective January 9, 1976. His administrative appeal and this complaint followed that action.

The basis for the action taken by the agency resides in the provision of 5 U.S.C. § 7501(a), which provides that a civil service employee may be removed from employment by his employing agency for misconduct for "the efficiency of the service." Implementing regulations adopted pursuant to the statute [2] authorize an employing agency, in its discretion, to take adverse action, including termination of employ-

ment, against an employee for criminal, infamous, dishonest, immoral or notoriously disgraceful conduct, if, in the judgment of the agency, such action "will promote the efficiency of the service." 5 C.F.R. §§ 731.-201(b), 752.104(a).

The plaintiff does not contend that any procedural infirmity affected the proceedings against him. He does not deny the fact of his felony conviction. He does assert alternative positions that:

1. His dismissal constitutes a cruel and excessive punishment;

2. The decision is arbitrary and capricious because the same is not founded upon substantial evidence; and

3. He was denied due process of law because the decision rests upon an irrebuttable presumption that the fact of his felony conviction alone provides a basis for his removal.

Each of those arguments proceeds from a refusal to recognize the existence of discretion within the statutory scheme and to admit the severe limitations which circumscribe the scope of judicial review.[3] Given a set of factual circumstances sufficient to invoke the disciplinary procedures which the statute contemplates, and an agency response to such factual circumstances consistent with the statutory guidelines, a court is powerless to review that discretionary response unless an abuse of discretion is clearly shown.

■ Thus, although the Act is designed to confer upon non-probationary employees the right to be not discharged except for cause, and to prescribe the procedural means by which that right is protected, it does not create an expectancy of employment retention requiring procedural protection under the Due Process Clause, beyond that protection which is afforded by the statute and related regulations. *Arnett v.*

---

2. 5 U.S.C. 1301, 3301, 7501.

3. Judicial review of actions against civil service employees is circumscribed within narrow confines to the determination whether the administrative action violated the applicable statutes and regulations, and to the further determination whether such action was arbitrary, capricious, or not supported by substantial evidence. *E. g., Pauley v. United States, supra; Gueory v. Hampton,* 167 U.S.App.D.C. 1, 510 F.2d 1222, 1225 (1974); *Embrey v. Hampton,* 470 F.2d 146, 147 (4th Cir. 1972); *Wathen v. United States, supra* at 1197, 1198.

*Kennedy*, 416 U.S. 134, 163, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

In *Angilly v. United States*, 105 F.Supp. 257, 259 (S.D.N.Y.1952), the court aptly stated:

"* * * The government, as an employer, may dismiss an employee for such cause as will promote the efficiency of the service, * * *; and what constitutes cause for dismissal is, in the absence of discrimination, solely a matter for executive determination not subject to judicial review. * * *."

In the *Rifkin* case, it is said:

"* * * [We] are not allowed to substitute our judgment for that of the Army, [and] we can set aside the punishment only when we consider it an abuse of discretion or disproportionate to the offense. We cannot exercise clemency or give way to our sense of compassion in the same manner the employing agency can. This is another case in which a single misstep may ruin an employee's otherwise unblemished career but we do not feel that the offense is so slight or the punishment so disproportionately heavy that as judges we can intervene— whatever we might have * * * done as administrators. * * *." *Rifkin v. United States*, Ct.Cl., April 14, 1976, Slip Opinion at 21.[4]

Since it appears from the record that the disciplinary procedures provided by the Act, as interpreted by the regulations, were legally invoked and applied, the agency's exercise of discretion by termination of plaintiff's employment cannot be disturbed by this court. The force of that principle is most forcefully exemplified by the decision in *Embrey v. Hampton*, 470 F.2d 146 (4th Cir. 1972). It is clear that the Court of Appeals was convinced that dismissal was not warranted in the factual context of that proceeding, yet the court said that the agency had complied with the procedural requirements of the statute and regulations and the court was without power to reverse the finding that dismissal would promote the efficiency of the service. *Embrey v. Hampton, supra*.[5]

■ Though in *Dew v. Halaby*, 115 U.S. App.D.C. 171, 317 F.2d 582, 588 (1963), the court did state that the background circumstances of every case do bear upon the question, whether the action taken was arbitrary or capricious, it also remarked the very limited scope of judicial review when a dismissal order is challenged on its merits and not on procedural grounds. *Ibid* at 589. The courts have consistently recognized that a termination order is a proper discretionary response to an employee's conviction of a crime or to serious misconduct of a criminal nature which is not shown to have led to a criminal conviction.[6] No case is

---

4. *Compare Jacobowitz v. United States*, 424 F.2d 555, 563, 191 Ct.Cl. 444 (1970); *Clark v. United States*, 162 Ct.Cl. 477 (1963); *Power v. United States*, 531 F.2d 505 (Ct.Cl. 1976).

5. *Embrey* involved the dismissal of a postal employee who had twenty-five years of exemplary federal service following his conviction for having falsely stated in an application for an F.H.A. loan that he had no debts outstanding. It is clear that the court felt that the order of dismissal was punitive, not disciplinary in character, yet the court affirmed the order. In that context, it said: "* * * Although our view of the record leads us to the question whether we would arrive at the same conclusion [for dismissal] under the circumstances and in view of the alternatives of suspension and demotion, we cannot say that Embrey was not afforded substantive or procedural due process. * * * While we urge the Department to leave punishment to the judiciary, we must remember to leave determination about the efficiency of the Department to that agen-

cy. "Accordingly, although we are inclined to think the mitigating circumstances made demotion or suspension a more appropriate sanction, we find no basis for judicial relief. If there is to be any moderation of the final discharge, it must be through administrative procedures." 470 F.2d at 147–148.

6. *Rifkin v. United States*, Ct.Cl., April 14, 1976. *Madden v. U.S.C.S.C.*, N.D.Cal., Feb. 26, 1974. *Wathen v. U. S.*, 527 F.2d 1191 (Ct.Cl.1975). *Hoover v. U. S.*, 513 F.2d 603, 206 Ct.Cl. 640 (1975). *Gueory v. Hampton*, 167 U.S.App.D.C. 1, 510 F.2d 1222 (1974). *Embrey v. Hampton*, 470 F.2d 146 (4th Cir. 1972). *Taffel v. Hampton*, 463 F.2d 251 (5th Cir. 1972). *Schlegel v. U. S.*, 416 F.2d 1372, 189 Ct.Cl. 30 (1969), *cert. denied*, 397 U.S. 1039, 90 S.Ct. 1359, 25 L.Ed.2d 650. *Heffron v. U. S.*, 405 F.2d 1307, 186 Ct.Cl. 474 (1969). *Dew v. Halaby*, 115 U.S.App.D.C. 171, 317 F.2d 582 (1963). *Angilly v. U. S.*, 105 F.Supp. 257 (S.D.N.Y.1952).

cited wherein any court did set aside such an order.

The cases upon which plaintiff principally relies are inapposite. None of them involved a criminal conviction or a charge of serious criminal conduct.[7]

The due process argument focuses upon the language of the order sustaining plaintiff's dismissal. The Commission said:

" * * * [A]ppellant admittedly violated the law and it can hardly be argued, in the light of the facts and circumstances of his arrest, that he did so unwittingly or by chance. While it is acknowledged that he received somewhat less than the maximum sentences that could have been imposed for his offenses, this does not otherwise mitigate the seriousness of his actions. As a Federal employee, he was obligated to uphold the Constitution, laws and regulations of the United States and of his state and local governments. That he did not do so, [in that instance], is painfully obvious and representative of a situation for which he bears full responsibility. It is apparent * * * that the agency has not articulated precisely how the offenses for which appellant was arrested, and more particularly those to which he plead guilty and for which sentence was imposed, may have had a deleterious effect on the agency, its mission, and the Federal service as a whole. However, * * * no such declaration by the agency is found to have been necessary, providing the reasons supplied for the action at the time of proposal made it clear on their face why the action was being sought. Such a showing is here held to exist, and, in view of the provisions of [regulations permitting denial of appointment because of criminal conduct], no basis exists for a finding that the agency's action in removing appellant from the service was arbitrary or capricious. Under the specific facts and circumstances of this case, and notwithstanding appellant's otherwise satisfactory employment history, removal is found to have been neither unreasonable nor unwarranted, but rather an action taken for such cause as will promote the efficiency of the service."

Plaintiff contrasts the quoted language to narrative statements by the Commission thereto preceding, that plaintiff's efficiency as a workman was not affected by his criminal conviction, that supervisory confidence in his reliability had not been thereby affected, and that plaintiff had completed more than seventeen years of unblemished service prior to his termination, as reflecting that the agency's action rests upon an irrebuttable presumption that criminal conduct not related to employment is deleterious to the efficiency of the service.

In this context, plaintiff asserts that he is not challenging the constitutionality of the statute or the regulations, but only the regulations as the same were applied to him. Although this precise question is not addressed in reported decisions, there are judicial statements which are deemed to be both correct and to have a significant bearing thereupon.

■ In any case involving the discharge of an employee because of his serious criminal conduct, the nexus between the regulation as applied and the statutory provision is clear. *Gueory v. Hampton*, 167 U.S.App. D.C. 1, 510 F.2d 1222, 1227 (1974); *Wathen v. United States, supra* at 1197. In the latter case, the court said that the federal agency and the Civil Service Commission "are far better equipped and in better posi-

---

7. Each, *Daub v. United States*, 292 F.2d 895, 154 Ct.Cl. 434 (1961), and *Cuiffo v. United States*, 137 F.Supp. 944 (Ct.Cl.1955), involved the issue of entitlement to back pay for the time intervening between an ordered dismissal and an administrative reversal of such order. Both *Norton v. Macy*, 135 U.S.App.D.C. 214, 417 F.2d 1161 (1969), and *Scott v. Macy*, 121 U.S.App.D.C. 205, 349 F.2d 182 (1965), involved unsubstantiated charges of misconduct, not criminal convictions. *Jacobowitz v. United States*, 424 F.2d 555, 191 Ct.Cl. 444 (1970), involved only an outdated charge of an employee's failure to promptly process certain checks received. *Leonard v. Douglas*, 116 U.S.App. D.C. 136, 321 F.2d 749 (1963), grew out of the dismissal of an Assistant Attorney General, a policy-making position which was excluded from the competitive civil service classifications.

**1364**

tion" than is any court to make the "sensitive judgment" of whether and in what fashion a discharge does promote the efficiency of the service.

■ The primary responsibility for the maintenance of the civil service system is reposed in the Commission. In furtherance of that responsibility, rules have been promulgated which advised every employee that those reasons which are operative to bar federal employment are also a cause for discharge. When those rules are so applied, the power of a court to review an administrative determination is limited to a determination whether the procedural safeguards provided by the statute and the rules have been accorded to the discharged employee. *Dew v. Halaby*, 115 U.S.App. D.C. 171, 317 F.2d 582, 589 (1963).

■ Procedural compliance with the safeguards provided by the statute and the regulations promulgated by the Commission does constitute due process of law. *Arnett v. Kennedy, supra.*

■ The inclusion in the regulations of criminal conduct as a cause which does bear upon the efficiency of the service is not arbitrary or capricious, because an employee's conviction of a crime does cast grave doubts upon his trustworthiness and ethical conduct. *Gueory v. Hampton, supra* at 1226.

■ The power of removal of executive employees is incident to the power of appointment, and the subject is not a matter for judicial attention unless the employing agency violated the statute or its own regulations or acted arbitrarily in the premises. *Schlegel v. United States, supra* at 1375.

■ Inherent as a corollary to the quoted statements is the principle that the Commission is empowered to incorporate in its guiding regulations its judgment as to the moral and ethical standards which are essential to efficient federal civil service. It has determined, and so stated by its regula-

tions, that conviction of a criminal offense is not only a bar to appointment to federal service, but also a cause for removal from federal service.

Thus, the court is dealing with a question involving an executive-value judgment and administrative policy, not with a factual presumption. In this instance, the agency simply applied that established standard to the admitted factual circumstances, to reach its ethical appraisal as to the sanction which those circumstances required.

It is only by equating faithfulness to duty and efficient performance of duty as synonymous with the totality of that "sensitive judgment" with which the agency was faced that the "irrebuttable-presumption" argument can be made. *Hoover v. United States*, 513 F.2d 603, 606, 206 Ct.Cl. 640 (1975), expressly rejects that thesis. A like rejection is implicit in the result in the numerous cases herein cited. The decisions related to irrebuttable presumptions are deemed to be wholly inapposite.[8]

■ The court cannot conclude that the administrative decision was arbitrary or capricious, or that the same lacks substantial evidentiary support.

For the reasons stated, IT IS ORDERED that:

1. Defendants' motion to dismiss upon jurisdictional grounds is DENIED.

2. Plaintiff's motion for summary judgment is DENIED.

3. Defendants' motion for summary judgment is ALLOWED.

Judgment is entered dismissing the complaint with prejudice.

---

8.  *E. g., Cleveland Board of Education v. La-Fleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *U. S. Dep't of Agriculture v. Murry*, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973);

*Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Carrington v. Rash*, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965).